Filed ___ *12 - 8 -11*

Clerk, U. S. District Court
Western District of Texas

By ___

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

NICHOLAS WEIL, Derivatively on Behalf
of Nominal Defendant ARTHROCARE
CORPORATION,

                 Plaintiff,

v.

MICHAEL A. BAKER, BARBARA D.
BOYAN, TORD B. LENDAU, TERRENCE
E. GEREMSKI, PETER L. WILSON,
JAMES G. FOSTER and DAVID F.
FITZGERALD,

                 Defendants,

and

ARTHROCARE CORPORATION,

                 Nominal Defendant.

CASE NO.: 08-CA-787-SS

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Order of this Court, dated October 13, 2011 ("Order"), on the application of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated as of August 29, 2011, and the Exhibits thereto (the "Stipulation").

The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, the Court enters this Order and Final Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Federal Derivative Action, including all matters necessary to effectuate the Settlement.

3.     The Court finds that the notice provided to Current ArthroCare Stockholders constituted the best notice practicable under the circumstances. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4.     The Court finds that, during the course of the litigation of the Derivative Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws, including Texas Rule of Civil Procedure 13.

5.     The Court finds the terms of the Stipulation are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6.     All claims in the Federal Derivative Action against the Individual Defendants are dismissed with prejudice. The Settling Parties are to bear their own costs, except as provided herein.

7.     Upon the Effective Date, as defined it the Stipulation, ArthroCare, Plaintiffs (acting on their own behalf and derivatively on behalf of ArthroCare), and each of the Current ArthroCare Stockholders (solely in their capacity as ArthroCare stockholders) shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever

released, relinquished, and discharged the Released Claims against the Released Persons, provided that nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8.      Upon the Effective Date, as defined in the Stipulation, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including unknown claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9.      The Court hereby approves the sum of $2,250,000.00 for the payment of Plaintiffs' attorneys' fees and reimbursement of litigation expenses. The Court finds that this amount is fair and reasonable under the facts and circumstances of this case. Payment of such award of attorneys' fees and reimbursement of expenses shall be made in accordance with the provisions of the Stipulation.

10.      The Court hereby approves the sum of $5,000, to be paid from the attorneys' fees awarded above, to each of the Plaintiffs as an incentive award for their time and effort as Plaintiffs in this case.

11.      Without affecting the finality of this Order and Final Judgment in any way, the Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

12.      In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Final Judgment shall be vacated, and all Orders entered

and releases delivered in connection with the Stipulation and this Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

13.    This Order and Final Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:    _December 8, 2011_

_Sam Sparks_
HONORABLE SAM SPARKS
UNITED STATES DISRICT JUDGE